# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No. 2:18-CV-2181-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZZARAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's renewed motion for the appointment of counsel (ECF No. 32).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted because he has demonstrated that the likelihood of success on the merits is "so great." Plaintiff also states the issues are complex. Additionally, plaintiff states that he is unable to articulate his claims on his own because due to physical injuries suffered as a result of defendants' alleged conduct in this case. As to the likelihood of success on the merits, notwithstanding plaintiff's characterization of the case the court finds that plaintiff has not demonstrated any particular likelihood of a judgment in his favor, nor can he at this stage of the proceedings before an answer has been filed or any discovery has been conducted. Further, as the court stated in its prior order denying counsel, it is unclear at this time whether the issues involved in this case are either factually or legally complex, though in this regard the court observes that plaintiff's constitutional claims are not novel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 32) is denied.

Dated: September 27, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE