1

2

3

4

5

6

7

8                        **IN THE UNITED STATES DISTRICT COURT**

9                        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CURTIS LEE HENDERSON, SR.,                 No.  2:18-CV-2181-JAM-DMC-P

12                Plaintiff,

13        v.                                     <u>ORDER</u>

14   JOE LIZZARAGA, et al.,

15                Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the Court are: (1) plaintiff's motion for a settlement conference

19   (ECF No. 51); (2) plaintiff's motion for appointed counsel (ECF No. 54); (3) plaintiff's motion to

20   strike defendant's motion for summary judgement (ECF No. 61); and (4) plaintiff's motion for an

21   extension of time (ECF No. 65).

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

                                                    1

1

**DISCUSSION**

2

    1.     <u>Motion to For Settlement Conference</u>

3

       Plaintiff moves for the Court to order a settlement conference between the parties.

4

<u>See</u> ECF No. 51.  In any action, the Court may utilize its discretion and order the attorneys and

5

any unrepresented parties to appear for a settlement conference. <u>See</u> USCS Fed Rules Civ Proc R

6

16. However, in response to this motion, defendants state that:

7

8

> Defendants do not believe a settlement conference would be beneficial at
> this time. Defendants have recently filed a motion for summary judgment
> [ECF No. 56] and believe it would be best to see what claims, if any,
> remain following resolution of that motion.

9

10

> ECF No. 63, pgs. 1-2.

11

       Because it appears that defendants wish to delay settlement discussion until after

12

their motion for summary judgement is resolved, the parties are not all currently amenable to

settlement. Therefore, the Court shall not order a settlement conference at this time.

13

    2.     <u>Motion for Appointed Counsel</u>

14

15

       Plaintiff moves for the Court to appoint counsel. <u>See</u> ECF No. 54.  The United

16

States Supreme Court has ruled that district courts lack authority to require counsel to represent

indigent prisoners in § 1983 cases.  <u>See</u> <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298

17

(1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

18

counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>See</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.

19

1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of

20

"exceptional circumstances" requires an evaluation of both the likelihood of success on the merits

21

and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the

22

legal issues involved.  <u>See</u> <u>Terrell</u>, 935 F.2d at 1017.  Neither factor is dispositive and both must

23

be viewed together before reaching a decision.  <u>See</u> <u>id.</u>  In <u>Terrell</u>, the Ninth Circuit concluded the

24

district court did not abuse its discretion with respect to appointment of counsel because:

25

26

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to
> articulate his claim.  The facts he alleged and the issues he raised were not
> of substantial complexity.  The compelling evidence against Terrell made
> it extremely unlikely that he would succeed on the merits.

27

28

> <u>Id.</u> at 1017.

1

2    In the present case, the Court does not, at this time, find the required exceptional

3 circumstances. Plaintiff claims that he is entitled to court-appoint counsel because of the

4 "substantial complexity" of his case and the disparity in resources between himself and

5 defendants. <u>See</u> ECF No. 54, pgs. 2-3. These circumstances are not exceptional but represent the

6 norm for most prisoner litigants.  Also, a review of the file in this case reflects that plaintiff is

7 able to articulate his claims, which, despite plaintiff's claims to the contrary, are neither factually

8 nor legally complex. Finally, as to success on the merits, the Court notes that a motion for

9 summary judgment is pending which plaintiff has not yet opposed.  Plaintiff is not entitled to

10 court-appointed counsel at this time.

11        **3.        <u>Motion to Strike Motion for Summary Judgment</u>**

12        Plaintiff moves for the Court to strike defendants' motion for summary judgement.

13 <u>See</u> ECF No. 61.  According to plaintiff, defendants' motion was filed in bad faith because the

14 Court's May 20, 2020, order directed defendants to respond to: (1) plaintiff's motion to compel

15 discovery (ECF No. 47), (2) plaintiff's motion for sanctions (ECF No. 48), and (3) plaintiff's

16 motion for settlement conference (ECF No. 51). However, the Court did not prohibit defendants

17 from submitting a motion for summary judgment. The Court's May 20, 2020, order was issued

18 "[i]n the interest of resolving all pending motions jointly" and defendants were ordered to submit

19 responses within 30 days of the order. A review of the docket reflects that defendants did in fact

20 submit responses to those orders. <u>See</u> ECF Nos. 62, 63, and 64. Additionally, on May 8, 2020,

21 defendants submitted a motion to modify the scheduling order, allowing for additional time to file

22 dispositive motions. <u>See</u> ECF No. 52. On June 10, 2020, defendants submitted their motion for

23 summary judgement. <u>See</u> ECF No. 56. On June 25, 2020, the Court granted defendants' motion

24 for extension of time *nunc pro tunc* and deemed the motion for summary judgement timely. <u>See</u>

25 ECF No. 60. Therefore, there are no proper grounds on which to strike defendants' motion for

26 summary judgement.

27 / / /

28 / / /

**4.**     **Motion for Extension of Time to File Opposition**

Lastly, pending before the Court is plaintiff's motion for an extension of time to file a response to the motion for summary judgment filed by defendants. <u>See</u> ECF No. 65.  Good cause appearing therefor, the request will be granted.  Plaintiff may file a response within 30 days of the date of this order.


**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's motion for a settlement conference (ECF No. 51) is denied;

2.     Plaintiff's motion for appointment of counsel (ECF No. 54) is denied;

3.     Plaintiff's motion to strike (ECF No. 61) defendants' motion for summary judgment is denied; and

4.     Plaintiff's motion for an extension of time (ECF No. 65) to file an opposition to defendants' motion for summary judgement is granted and plaintiff shall file an opposition within 30 days of the date of this order.


Dated:  July 29, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE