**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No.  2:18-CV-2181-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZZARAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is (1) plaintiff's motion to compel discovery (ECF No. 47) and (2) plaintiff's motion for sanctions (ECF No. 48). On March 23, 2020, plaintiff filed this motion to compel responses to his request for production of documents. On July 3, 2020, defendants submitted their opposition to plaintiff's motion. See ECF No. 64.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCUSSION**

I.      <u>Motion to Compel</u>

In his motion to compel, plaintiff references inadequate responses by defendants to requests for admissions and requests for production (RFP) of documents.  <u>See</u> ECF No. 47, pgs. 1-3.  Plaintiff does not, however, set forth any arguments with respect to defendants' responses to his requests for admissions.  Instead, plaintiff's motion focuses entirely on defendants' responses to requests for productions nos. 1 through 23.  Accordingly, the Court does not reach any issues with respect to requests for admissions or defendants' responses thereto.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." <u>United States v. Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

/ / /

/ / /

2

The party moving to compel bears the burden of informing the Court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

## A.   **RFP No. 1**

### 1.   Plaintiff's Request

"Plaintiff request [sic] that all Defendants fully identify themselves by providing there [sic] full name, official title, badge number, identification number, the years of there [sic] employment, and current employment. This request is not meant for any undo purpose or delay but to correctly identify each and every Defendant to this action"

ECF No. 47, pg. 4.

### 2.   Defendants' Response

Objection. This is an interrogatory, not a request for production of documents. Compound. Vague and ambiguous as to "identification number." Providing full names to an inmate presents a safety and security threat to the Defendants.

ECF No. 64, pg. 2.

Plaintiff argues that he is entitled to this request because it is "needed to [accurately] identify each defendant in this action correctly." ECF No. 47, pg. 5. Defendants argue that their objection was proper on the grounds that "by seeking information rather than an actual document, it was an interrogatory and not a request for production of documents." ECF

1   No. 64. The Court agrees with defendants. A request for production allows the requesting party to

2   "inspect, copy, test, or sample . . . any designated documents or electronically stored

3   information." Fed. R. Civ. P. 34(a). However, the request "must describe with reasonable

4   particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Here,

5   plaintiff seeks general information that would allow him to more accurately identify the

6   defendants in this action. Therefore, the discovery sought should be pursued through an

7   interrogatory as opposed to a request for production of documents. See Fed. R. Civ. P. 33.

8        Defendants' objection to RFP No. 1 is sustained.

9        **B.**    **RFP No. 2**

10       1.    <u>Plaintiff's Request</u>

11       "Plaintiff request [sic] that all Defendants provide to the Plaintiff all
12       inmate appeals known as 602 that were filed against the Defendants from
        2014 to the present for staff complaints concerning falsification of record,
        harassment interfering with medical care retaliation against & inmate's
13       [sic] for filing such complaints and excessive force."

14       ECF No. 47, pg. 7.

15       2.    <u>Defendants' Response</u>

16       Objection. Overly broad and unduly burdensome. This request seeks
17       documents that are irrelevant to any claim or defense in this action and are
        unlikely to contain admissible evidence. This request also violates the
18       privacy rights of other inmates who may have submitted staff complaints.

19       ECF No. 64, pg. 2.

20        Plaintiff argues that "[t]his material is highly relevent [sic] to the complaint by

21   showing the defendants have a custom of denying adequate medical care . . ." ECF No. 47, pg. 7.

22   Plaintiff also claims that denial of this request is in direct violation of the cases <u>Watison v. Carter</u>,

23   668 F.3d 1108, 1114-1115 (9th Cir. 2012) and <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694

24   (1978). Defendants argue that the request seeks information that would infringe on privacy rights.

25   <u>See</u> ECF No. 64, pg. 2-3. Also, defendants argue that the request is unlikely to lead to the

26   discovery of admissible evidence because it seeks inadmissible character evidence. <u>Id.</u>

27   / / /

28   / / /

4

Plaintiff's request is overly broad and geared towards obtaining inadmissible character evidence. Generally, evidence of a person's character is not admissible to prove they acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(a). It is well established that blanket requests for all grievances against defendants in order to establish a pattern of constitutional misconduct may be considered overbroad and burdensome. Valenzuela v. Smith, No. CIV S-04-0900 FCD DAD P, 2006 U.S. Dist. LEXIS 6078, at *5-6 (E.D. Cal. Feb. 15, 2006). However, by plaintiff's own admission, the request for production here seeks to establish that defendants conformed to a "custom of denying adequate medical care." ECF No. 47, pg. 7. Also, plaintiff's reliance on Watison and Monell is unfounded. Plaintiff's reference to Watison is merely a reiteration of the elements necessary to establish a retaliation claim under the First Amendment. Watison, 668 F.3d at 1115. Plaintiff's reference to Monell simply reiterates the principal that local municipal agencies are liable under § 1983 for injury attributable to the agency's policy or custom. Monell, 436 U.S. at 694. Neither case lends specific support to plaintiff's argument that his request is neither overly broad nor burdensome.

Defendants' objection to RFP No. 2 is sustained.

**C.      RFP No. 3**

1.      Plaintiff's Request

"It is on good faith and belief that the Defendant Joe Lizzaraga was under FBI investigation for money laundering drug smuggling providing contraband to the inmate population and allowing one group of inmates to rule over others. It is requested that all documents concerning investigations and reports by the FBI, (IAB) internal affairs bural [sic] (OCS) Office of Correctional Safety, be turned over to the Plaintiff."

ECF No. 47, pg. 8

2.      Defendant's Response

Objection. Overly broad and unduly burdensome. This request seeks documents that are irrelevant to any claim or defense in this action and are unlikely to contain admissible evidence. This request also violates the privacy rights of Defendant Lizzaraga. Harassing. Without waiving these objections, responding parties state that they do not have any responsive documents in their possession, custody, or control.

ECF No. 64, pg. 3.

///

5

First, defendants stated in their response to plaintiff's request, under sworn declaration, that they do not have any of the requested documents in their possession, custody, or control. Defendants cannot be compelled to produce documents they do not have and thus cannot be compelled to respond to this request.

Second, plaintiff's request seeks documents that are completely unrelated to any claim or defense at issue in this action. Plaintiff's action proceeds on claims of medical indifference and failure to protect under the Eight Amendment and retaliation under the First Amendment, all stemming from the conditions of his confinement. However, according to plaintiff's motion to compel, this request is made to discover more information about an alleged FBI investigation into defendant Lizarraga's improper engagement in personal transactions with fellow inmates. See ECF No. 47, pg. 8-9. Therefore, this request seeks documents completely unrelated to any claims or defenses currently at issue.

Defendants' objection to RFP No. 3 is sustained.

**D.    RFP No. 4**

1.    Plaintiff's Request

"Plaintiff request [sic] that all documents concerning any action taken as a result of these Defendants action of any investigations including reprimands transfers demotions or formal charges brought against them be turned over to the Plaintiff."

ECF No. 47, pg. 11.

2.    Defendants' Response

Objection. Overly broad and unduly burdensome. This request seeks documents that are irrelevant to any claim or defense in this action and are unlikely to contain admissible evidence. This request also violates the privacy rights of the Defendants. Harassing. Vague and ambiguous; as phrased, this request may include documents protected by the official information privilege. Without waiving these objections, responding parties state that they do not have any responsive documents in their possession, custody, or control.

ECF No. 64, pg. 4.

/ / /

/ / /

/ / /

Plaintiff's request here is overly broad and unduly burdensome. Plaintiff does not articulate what he means by "any action taken as a result of these [defendants'] actions." To the extent plaintiff seeks particular documents related to grievances directly associated with the claims at issue, he does not properly articulate them. Alternatively, if plaintiff seeks documents relating to investigations wholly unassociated with those claims, the Court has already expressed that such requests must be denied. Ultimately, to the extent no responsive documents are in responding party's custody or control, there is no relief available to plaintiff here.

Defendants' objection to RFP No. 4 is sustained.

**E.      RFP No. 5**

1.      Plaintiff's Request

"Plaintiff request [sic] copies of the Mule Creek Post which reported on the illegal activities of the Defendants to show that the conduct has been reported to the public. The Mule Creek Post is a prison publication."

ECF No. 47, pg. 14.

2.      Defendants' Response

Objection. Vague and ambiguous as to what illegal activities Plaintiff is referring. Lacks foundation. Without waiving these objections, responding parties state that they do not have any responsive documents in their possession, custody, or control.

ECF No. 64, pg. 4.

Plaintiff argues that "[t]his publication is sought to prove that certain matters were reported[.]" ECF No. 47, pg. 15.  The Court, however, agrees that it is unclear what plaintiff means by "matters" or "illegal activities."  Absent additional clarity, the Court finds that the request does not seek evidence relevant to any claims or defenses in this case.  See Fed. R. Civ. P. 26(b)(1).  In this regard, the Court observes that plaintiff seeks this information "to show that the conduct has been reported to the public."  The Court, however, does not see how knowing whether something was or was not reported to the public, is relevant to any claim or defense.  To the extent plaintiff seeks information regarding an alleged FBI investigation into conduct by defendant Lizarraga unrelated to the claims alleged in this case, the request does not seek relevant evidence.  Moreover, as defendants note, the request lacks foundation in that it presumes, without

1  any factual support, that (1) there is a publication called the "Mule Creek Post" and that such a

2  publication did in fact report on "illegal activities" by defendants.  Finally, defendants have stated

3  that no responsive documents are in their custody or control.

4         Defendants' objection to RFP No. 5 is sustained.

5         **F.**      **RFP No. 6**

6         1.      Plaintiff's Request

7  "Plaintiff request [sic] a document in the offenders Electronic Records
   Managment [sic] Systems (ERMS) dated November 13, 2017 authored by
8  Correctional Officer B. Louie and placed in Henderson's ERMS file H-
   43488 this document contains the names and numbers of inmates who
9  were provided contraband by the Defendant."

10  ECF No. 47, pg. 15.

11         2.      Defendants' Response

12  Objection. This request seeks documents that are irrelevant to any claim or
    defense in this action and are unlikely to contain admissible evidence. To
13  the extent Plaintiff may be requesting confidential documents, this request
    violates the official information privilege, its production presents a safety
14  and security threat to the institution, and it violates the privacy interests of
    other inmates.
15
    ECF No. 64, pg. 5.
16

17         The Court agrees with defendants that this request does not seek relevant

18  information.  See Fed. R. Civ. P. 26(b)(1).  According to plaintiff, he seeks a document that

19  "contains the names and numbers of inmates who were provided contraband by the Defendant."

20  Setting aside the ambiguity of the request as to who of the multiple defendants named in this

21  action is referenced as "the Defendant," plaintiff's claims in this case are not related to

22  contraband allegedly being provided to other inmates.  Rather, plaintiff's claims in this case relate

23  to medical indifference, failure to protect, and retaliation.

24         Defendants' objection to RPF No. 6 is sustained.

25  / / /

26  / / /

27  / / /

28  / / /

8

**G.**     **RFP No. 7**

1.     Plaintiff's Request

"Plaintiff request [sic] copies of an incident package #MCSP-ins-17-11-0506 it is on good faith and belief that this package contains photos of drugs that was being provided to the inmate population by the defendant these drugs were givin [sic] to the Plaintiff along with orders to hit/kill another inmate it was at this time [sic] Plaintiff blew the whistle uncovering the whole operation"

ECF No. 47, pg. 17.

2.     Defendants' Response

Objection. This request seeks documents that are irrelevant to any claim or defense in this action and are unlikely to contain admissible evidence. To the extent Plaintiff may be requesting confidential documents, this request violates the official information privilege, its production presents a safety and security threat to the institution, and it violates the privacy interests of other inmates.

ECF No. 64, pg. 6.

Defendants have stated that, notwithstanding objections, ". . . the requested report has been located and will be produced to Plaintiff in a supplemental response." ECF No. 64, pg. 6. Plaintiff has not argued that defendants failed to deliver this response, nor that the response was inadequate. Therefore, the Court shall consider RFP No. 7 adequately responded to and deny plaintiff's motion as concerns RFP No. 7.

**H.**     **RFP No. 8**

1.     Plaintiff's Request

"The Plaintiff request [sic] all e-mail's sent to and from each Defendant and between each Defendant such document will show that the Defendants have a custom of encouraging staff misconduct and covering up that misconduct when it occurs. E-mails has become the new wave of communication people write what they want what they truly feel push send and wait for a reply these Defendants are so highly placed in there job's that they believed that there communications are part of a secret society which cant [sic] be touched although the Defendants are wrong on this point these emails are official records subject to the Freedom of information Act and Rule 34 FRCP most importantly it is relevant to the subject matter involved in the pending action and is reasonably calculated to lead to the discovery of admissible evidence and the identity and location of persons having knowledge of any discoverable matter."

ECF No. 47, pg. 18.

///

9

1          2.      Defendants' Response

2   Objection. Overly broad and unduly burdensome. Lacks foundation.
    Argumentative. This request does not describe a category of documents
3   with reasonable particularity.

4   ECF No. 64, pg. 7.

5          Defendants' objection is well placed. Plaintiff seeks all emails sent between all

6   defendants throughout an unspecified period of time in order to uncover defendants' "secret

7   society." ECF No. 47, pg. 18. This request seeks all possible email exchanges between

8   defendants, regardless of whether or not they are related any relevant claims or defenses. Such a

9   request is overly broad and certain to unduly burden defendants.

10         Defendants' objection to RFP No. 8 is sustained.

11  **I.      RFP No. 9**

12         1.      Plaintiff's Request

13  "Plaintiff request [sic] all documents relating to Mule Creek State Prison
    medical center staff training and education, requirments [sic] for highering
14  [sic] medical staff."

15  ECF No. 47, pg. 20.

16         2.      Defendants' Response

17  Objection. Overly broad and unduly burdensome. This request does not
    describe a category of documents with reasonable particularity.
18  ECF No. 64, pg. 8.

19

20         Plaintiff's request here is overly broad and unduly burdensome. The Federal Rules

21  of Civil Procedure requires a request for production to "describe with reasonable particularity

22  each item or category of items to be inspected." FRCP 34(b)(1)(A). Here, plaintiff seeks "all

23  documents relating to" Mule Creek State Prison's recruitment and training without specification

24  as to a time frame and without explaining what he means by "relating to" medical staff.  ECF No.

25  47, pg. 20. Such all-encompassing requests lack specificity and are thus overbroad and

26  burdensome. See Terry v. Wasatch Advantage Grp., No. 2:15-cv-0799 KJM DB, 2020 U.S. Dist.

27  LEXIS 104294, at *3-4 (E.D. Cal. June 12, 2020) (request for production deemed overly broad

28  where it sought all documents that "REFER, REFLECT, or RELATE to . . . all

1   COMMUNICATION that REFER, REFLECT, or RELATE to a HAP CONTRACT.").

2   Defendants' objection to RFP No. 9 is sustained.

3   **J.      RFP No. 10**

4   1.      Plaintiff's Request

5   "All documents contained in Defendants personel [sic] file concerning
    excessive force, retaliation, failure to provide medical care and any and all
6   documents concerning such complaints including documents adjudicating
    or resolving such complaint."
7
    ECF No. 47, pg. 21
8
    2.      Defendants' Response
9
    Objection. Overly broad and unduly burdensome. This request seeks
10  documents that are irrelevant to any claim or defense in this action and are
    unlikely to contain admissible evidence. This request also violates the
11  privacy rights of the Defendants. Harassing. Production to an inmate of
    personnel records containing sensitive personal information presents a
12  safety threat to the Defendants.

13  ECF No. 64, pg. 8.

14          i.      Privacy

15          Defendants' argument that the request for production violates their privacy rights

16  is unpersuasive. With respect to privacy rights, federal courts recognize a constitutionally-based

17  right of privacy that may be asserted in response to discovery requests. Centeno v. City of Fresno,

18  No. 1:16-cv-00653-DAD-SAB, 2016 U.S. Dist. LEXIS 180013, at *42 (E.D. Cal. Dec. 29, 2016)

19  (citing Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995)). Also, courts should

20  generally give some weight to the privacy rights that are protected by state constitutions or

21  statues. Id.  In California, it is established that custodial officers have an expectation of privacy in

22  their personnel files.  See Riske v. Superior Court, 6 Cal. App. 5th 647, 654 (2016) (referencing

23  Pitchess v. Superior Court, 11 Cal. 3d 531 (1974)). However, this right is not absolute and must

24  be balanced against the great weight afforded to federal law in civil rights cases against public

25  agents. Centeno, No. 1:16-cv-00653-DAD-SAB, 2016 U.S. Dist. LEXIS 180013, at *42. In

26  weighing the privacy interests against the great weight afforded to federal law in civil rights cases

27  against state officers, plaintiff's need for the information requested outweighs the privacy interest

28  under state law. Complaints and investigations concerning alleged misconduct by state agents that

11

1   rest on similar claims to those raised by plaintiff do not implicate the type of highly personal

2   information that warrants constitutional safeguards. See Ramirez v. County of Los Angeles, 231

3   F.R.D. 407, 411 (C.D. Cal. 2005) (professional personnel records such as prior involvement in

4   disciplinary proceedings or citizen complaints filed against officers are not the kind of "highly

5   personal" information that warrants constitutional protection). Therefore, defendants' privacy

6   interest in these records are not substantial enough to deny plaintiff's request for production.

7                                  ii.      Overbreadth

8               Plaintiff's request for production could potentially be construed as overly broad.

9   Plaintiff seeks documents in defendants' personnel files throughout an undefined period of time.

10  Plaintiff claims this request is relevant to his claims because ". . . it will show that     the

11  defendants set in motion a chain of events that they knew would cause serious harm to plaintiff . .

12  ." ECF No. 47, pg. 21. Other courts have found that prior complaints of misconduct made against

13  a defendant are discoverable when sufficiently similar to the claims brought in the instant suit.

14  Centeno v. City of Fresno, No. 1:16-cv-00653-DAD-SAB, 2016 U.S. Dist. LEXIS 180013, at

15  *16-17 (E.D. Cal. Dec. 29, 2016) (citation omitted). Here, plaintiff requests documents outlining

16  prior misconduct similar to his own claims against defendants during his incarceration at

17  California State Prison – Sacramento. Contrary to defendants' contentions, nothing in the request,

18  nor plaintiff's motion to compel, indicates that this request was constructed to acquire

19  inadmissible character evidence, nor is the ultimate admissibility of evidence pertinent under Rule

20  26(b)(1).

21              Because this action does not proceed on any claims of excessive force, plaintiff's

22  request for production shall be narrowed and defendants shall provide all documents in

23  defendants' personnel files relating to complaints against defendants for either retaliation or

24  failure to provide medical care throughout the time of plaintiff's incarceration at California State

25  Prison – Sacramento.

26  / / /

27  / / /

28  / / /

12

iii.     Safety Concerns

Lastly, the Court notes that defendants' safety concerns stem from a fear that release of these documents may contain sensitive personal information of both parties and non-parties which presents a threat to institutional security. See ECF No. 64, pg. 8. To the extent that compliance with this order compromises either privileged, confidential, or sensitive information of the defendants or non-parties, defendants shall make proper redactions and submit to the Court a privilege log or its equivalent pursuant to Federal Rule of Civil Procedure 26(b)(5).

Defendants' objection to RFP No. 10 is overruled to the extent discussed above and defendants shall produce responsive documents.

**K.       RFP No. 11**

1.       Plaintiff's Request

"Plaintiff request [sic] all logs list or records of communication of any witness to any complaint made against the Defendants."

ECF No. 47, pg. 23.

2.       Defendants' Response

Objection. Overly broad and unduly burdensome. This request seeks documents that are irrelevant to any claim or defense in this action and are unlikely to contain admissible evidence. This request also violates the privacy rights of the Defendants, witnesses, and the persons involved in the complaints. This request also seeks documents potentially protected by the official information privilege.

ECF No. 64, pg. 9

Plaintiff's request here is overly broad and unduly burdensome. Plaintiff seeks all records of communications of any witness to any complaint made against any of the defendants, regardless of their relevance to any particular claim or defense by any party in this action. As discussed above in RFP No. 10 and 11, such a broad sweeping request for production is beyond the scope of scope of permissible discovery and likely to burden defendants.

Defendants' objection to RFP No. 11 is sustained.

/ / /

/ / /

/ / /

13

1        **L.**      **<u>RFP No. 12</u>**

2        1.     <u>Plaintiff's Request</u>

3        "Plaintiff request [sic] all rules regulations policies practices and

4        procedures concerning medical care that were in effect from 2014 to the present."

5        ECF No. 47, pg. 23.

6        2.     <u>Defendants' Response</u>

7        Objection. Overly broad and unduly burdensome. This request seeks

8        documents that are irrelevant to any claim or defense in this action and are unlikely to contain admissible evidence. Vague and ambiguous as to

9        whose regulations, policies, practices, and procedures the Plaintiff is referring. Without waiving these objections, responding parties answer as

10       follows: copies of regulations of the California Department of Corrections and Rehabilitation [CDCR] concerning the provision of health care are

11       located in the prison law libraries and are equally accessible to Plaintiff.

12       ECF No. 64, pg. 9.

13       Plaintiff's request for production is overly broad and unduly burdensome. Plaintiff

14 does not describe with reasonable particularity what he means when he requests "all rules[,]

15 regulations[,] policies[,] practices[,] and procedures concerning medical care." Also, plaintiff's

16 motion to compel does not provide any additional illumination on what he is seeking. Plaintiff

17 merely states that "the documents sought are not reasonably accessible to plaintiff" without

18 describing which particular documents he seeks. <u>See</u> ECF No. 47, pgs. 24-25. To the extent

19 plaintiff seeks copies of CDCR health care regulations, defendants notes that such copies may be

20 accessed by plaintiff in the prison law library. Requests for production shall not be enforced

21 against a party when the requesting party has equal access to the document sought. <u>McNeeley v.</u>

22 <u>Perry</u>, No. CV F 02 5385 AWI SMS P, 2005 U.S. Dist. LEXIS 29580, at *4 (E.D. Cal. Sep. 7,

23 2005).

24       Defendants' objection to RFP No. 12 is sustained.

25 / / /

26 / / /

27 / / /

28 / / /

**M.**     <u>**RFP No. 13**</u>

1.     <u>Plaintiff's Request</u>

"Plaintiff request [sic] an organized list of Defendants employment experience including workshop licensure and certifications, publications presentations work education awards and honors."

ECF No. 47, pg. 25.

2.     <u>Defendants' Response</u>

Objection. Defendants are not required to create documents in response to a request for production of documents. Without waiving that objection, responding parties have nothing responsive to this request.

ECF No. 64, pg. 10.

Plaintiff desires a "list" comprising all of the defendants' "experience."

Defendants are correct in stating that they are not required to create documents in response to a request for production. <u>See</u> <u>Price v. Cunningham</u>, No. 1:08-cv-00425-AWI-BAM PC, 2012 U.S. Dist. LEXIS 154881, at *11 (E.D. Cal. Oct. 29, 2012). To the extent plaintiff seeks (relevant) information regarding defendant's job qualifications, such information is better sought through submission of interrogatories.

Defendants' objection to RFP No. 14 is sustained.

**N.**     <u>**RFP No. 14**</u>

1.     <u>Plaintiff's Request</u>

"Plaintiff request [sic] in-service training (IST) manual on inmate/staff relations, the law enforcement code of ethics, the correctional workers code of ethics, and the nine canons of the Code of Professional Conduct and Responsibility for peace officers."

ECF No. 47, pg. 26.

2.     <u>Defendants' Response</u>

Objection. Compound. Without waiving that objection, responding parties have nothing responsive to this request.

ECF No. 64, pg. 10.

/ / /

/ / /

/ / /

1   Defendants have stated in their response to plaintiff's request, under sworn

2   declaration, that they do not have any of the requested documents in their possession, custody, or

3   control. Defendants cannot be compelled to produce documents they do not have and thus cannot

4   be compelled to response to this request.

5   Defendants' objection to RFP No. 14 is sustained.

6   **O.   RFP No. 15**

7   1.   Plaintiff's Request

8   "The Plaintiff request [sic] a full copy of the Departments Opperations
[sic] Manual (DOM) and an institutional transfer log of 10/4/2018
9   showing that Plaintiff was transported from Mule Creek State Prison to
Modesto, all logs are requested."
10
ECF No. 47, pg. 27.
11
2.   Defendants' Response
12
Objection. Compound. Without waiving this objection, a copy of the
13   Department Operations Manual is located in the prison law libraries and is
equally accessible to Plaintiff. With respect to the request for an
14   "institutional transfer log," responding parties have nothing responsive to
this request.
15
ECF No. 64, pg. 10.
16

17   To the extent plaintiff seeks a copy of the Department Operations Manual, such

18   document is noted as being equally accessible to plaintiff in the prison law library. With respect

19   to the request for an "institutional transfer log", defendants state that they have nothing

20   responsive to that request. Defendants cannot be compelled to produce documents they do not

21   have.

22   Defendants' objection to RFP No. 15 is sustained.

23   **P.   RFP No. 16**

24   1.   Plaintiff's Request

25   "These Defendants issued the Plaintiff a rule violation report (RVR) 115
charging Plaintiff with participation in a riot on 8/28/2018 Plaintiff request
26   the video CD of the 'C' yard at Mule Creek State Prison which will show
that over 20 inmates simultaneously attacked the Plaintiff on the day in
27   question. Further Plaintiff will prove to a jury that these prisoners have
been given free rane and controle (sic) over other prisoners that they were
28   compensated for attacking, the Plaintiff on behalf of the Defendants in

16

retaliation for Plaintiff blowing the whistle in connection with Plaintiff confidential information on 11/13/2017 when Plaintiff revieled a hit had been ordered on another inmate and turned drugs over to (IGI) institutional gang investigators, the video will revieled (sic) that these prisoner were congregating all morning and that these Defendant had knowledge of the activities of this gang of prisoners and failed to take corrective measures amounted to deliberate indifference violating Plaintiffs Eighth Amendment right to be free from cruel and unusual punishment and excessive force."

ECF No. 47, pg. 28.

    2.    <u>Defendants' Response</u>

Objection. Argumentative and lacks foundation. Without waiving these objections, responding parties have nothing responsive to this request.

ECF No. 64, pg. 11.

Plaintiff requests a "video CD of the 'C' yard at Mule Creek State Prison. Defendants state that they possess no documents responsive to this request, and thus cannot be compelled to produce documents that do exist. While an overly narrow construction of the term "video CD" may justify such a response, the plain objective of this request is the recorded images, in any form, of the events in C Yard at Mule Creek State Prison on August 28, 2018. The Court directs that Responding Parties produce any responsive recording or image, whether on video, disk, or electronic recording. If it remains defendants' contention that no such images exist, defendants are directed to explain why.

Defendants' objection to RFP No. 16 is overruled, subject to the direction stated above.

    Q.    **<u>RFP No. 17</u>**

    1.    <u>Plaintiff's Request</u>

"Plaintiff request [sic] all regional water quality control board cease and desist orders that issued to the Defendants."

ECF No. 47, pg. 31.

    2.    <u>Defendants' Response</u>

Objection. Lacks foundation. Without waiving this objection, responding parties have nothing responsive to this request.

ECF No. 64, pg. 11.

1    Defendants state that they possess no documents responsive to this request.

2    Defendants cannot be compelled to produce documents they do not have and thus cannot be

3    compelled to response to this request.

4    Defendants' objection to RFP No. 17 is sustained.

5    **R.     RFP No. 18**

6    1.     Plaintiff's Request

7    "Plaintiff request [sic] all e-mail that was sent to the Defendants
     concerning the cease and desist order."

8    ECF No. 47, pg. 34

9    2.     Defendant's Response

10

11   Objection. Vague and ambiguous as to what cease and desist order the
     Plaintiff is referencing. Lacks foundation. Without waiving these
     objections, responding parties have nothing responsive to this request.

12   ECF No. 64, pg. 12.

13

14   The attempted request lacks sufficient specificity by date or description as to what

15   cease and desist order is the subject of this request. Without such specificity, the applicability of

16   this request to the pending matter cannot be determined.

17   Defendants' objection to RFP No. 18 is sustained.

18   **S.     RFP No. 19**

19   1.     Plaintiff's Request

20   Plaintiff request [sic] the log book records of all staff coming in and going
     out of building #12 between the dates of 8/28/2018 – 12/30/2018[.]

21   ECF No. 47, pg. 34.

22   2.     Defendants' Response

23

24   Objection. Overly broad and unduly burdensome. Based on the date range,
     Plaintiff is requesting log books that would not yet exist. This request
     seeks documents that are irrelevant to any claim or defense in this action
25   and are unlikely to contain admissible evidence.

26   ECF No. 64, pg. 12.

27   / / /

28   / / /

18

1        Plaintiff's request is overly broad and burdensome. Plaintiff seeks the logbook

2    records of "all staff coming in and going out of building #12" regardless of their association with

3    plaintiff's action. Plaintiff provides no justification for such an expansive request and merely

4    states that "this evidence will show a jury that these defendant(s) continued to interfere by threats

5    intimidation coercion and falsification of official records." ECF No. 47, pg. 35.

6        Defendants' objection to RFP No. 19 is sustained.

7        **T.    RFP No. 20**

8        1.    Plaintiff's Request

9        "Plaintiff request [sic] to know how many civil cases have been filed
         against CDCR for excessive force, deliberate indifference to serious
10       medical needs as those filed in this action from 2015 to the present and
         how many of those cases went to trial. How many reached a settlement
11       and the amount of each settlement reached. And how many involved Mule
         Creek State Prison."
12
         ECF No. 47, pg. 35.
13
         2.    Defendants' Response
14
15       Objection. Defendants are not required to create documents in response to
         a request for production of documents. Overly broad and unduly
         burdensome. This request seeks documents that are irrelevant to any claim
16       or defense in this action and are unlikely to contain admissible evidence.

17       ECF No. 64, pg. 13.

18       Plaintiff does not request the production of any particular document, but instead

19   seeks information regarding prior lawsuits against the CDCR and Mule Creek State Prison. Such

20   a request, if relevant, would be better sought through submission of interrogatories. Since plaintiff

21   does not request the production of documents, defendants cannot be compelled to respond to this

22   request. To the extent plaintiff requests that defendants create a document containing the

23   litigation history he seeks, the Court again reiterates that parties are not required to create

24   documents in response to a request for production.

25       Defendants' objection to RFP No. 20 is sustained.

26   / / /

27   / / /

28   / / /

19

1

**U.      RFP No. 21**

2

1.       Plaintiff's Request

3

"Plaintiff request [sic] all insurance policies of indemnity covering
Defendants conduct and any claims made under such policy or
indemnity."

4

5

ECF No. 47, pg. 36.

6

2.       Defendants' Response

7

Objection. Vague and ambiguous as to what conduct of Defendants the
Plaintiff is referencing. Without waiving these objections, responding
parties state that indemnity for public employees is covered by Cal. Gov.
Code section 825.

8

9

10

ECF No. 64, pg. 13.

Plaintiff's request is vague as to what conduct of defendant's plaintiff is referring

11

to, what period of time such alleged policies would cover, and how any claims under such alleged

12

policies would relate to this case. Plaintiff's motion to compel discovery does not provide any

13

additional clarification. See ECF No. 47, pg. 36.

14

Defendants' objection to RFP No. 21 is sustained.

15

**V.      RFP No. 22**

16

1.       Plaintiff's Request

17

"Plaintiff request [sic] all medical bills and copies thereof of payments
made on his behalf or about to be paid by CDCR for medical treatment
including ambulance transports, surgeries, hospital stays medications and
an itemized list of medical equipment used and price of such equipment."

18

19

20

ECF No. 47, pg. 36.

21

2.       Defendants' Response

22

Objection. Defendants are not required to create documents in response to
a request for production of documents. Overly broad and unduly
burdensome. This request seeks documents that are irrelevant to any claim
or defense in this action and are unlikely to contain admissible evidence.

23

24

25

ECF No. 64, pg. 14.

26

/ / /

27

/ / /

28

/ / /

Plaintiff's request is overly broad. Plaintiff apparently seeks documents related to his alleged damages. However, without specifying any time frame, plaintiff seeks an exhaustive list of medical documents summarizing plaintiff's entire history of medical treatment, facilitated by the CDCR, throughout an undefined period of time. To the extent plaintiff also requests that defendants create "an itemized list of medical equipment used [on his behalf,]" the Court again notes that defendants are not required to create such a document.

Defendants' objection to RFP No. 22 is sustained.

**W.**     **RFP No. 23**

1.     Plaintiff's Request

"Plaintiff request [sic] to be provided with the full complete name of the insurance holder for Plaintiffs coverage and the account number of that coverage or any other account with Plaintiffs name or CDCR number H-43488 or SSI number"

ECF No. 47, pg. 37.

2.     Defendants' Response

Objection. Defendants are not required to create documents in response to a request for production of documents.

ECF No. 64, pg. 14.

It does not appear that plaintiff is requesting that defendants create any sort of document in relation to this request for production. However, the Court notes that plaintiff does not actually request that the defendants produce any particular sort of document. Instead, plaintiff requests identifying information as regards the "insurance holder for [p]laintiff's coverage . . or any other account with [p]laintiff's name." ECF No. ECF 47, pg. 37. Such information, if relevant, is better sought through submission of interrogatories.

Defendants' objection to RFP No. 23 is sustained.

**II.**     **Motion for Sanctions**

Plaintiff requests that the Court impose sanctions on defendants "for failure to comply with the Court['s] order granting discovery . . ." ECF No. 48, pg. 1.  If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or

21

37(a), the Court where the action is pending may issue sanctions. <u>See</u> Fed. R. Civ. P. R 37.  Here,
the record does not reflect defendants' failure to comply with any order requiring them to provide
discovery.

**CONCLUSION**

   Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's motion to compel discovery (ECF No. 47) is denied in part and
granted in part, as specified herein;

    2.  Defendants shall produce documents responsive to plaintiff's RFP No. 10,
as narrowed by this order, within 30 days of the date of this order; and

    3.  Plaintiff's motion for sanctions (ECF No. 48) is denied.

Dated:  August 3, 2020

            _____
            DENNIS M. COTA
            UNITED STATES MAGISTRATE JUDGE