IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No. 2:18-CV-2181-JAM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE LIZZARAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for confidential correspondence with incarcerated inmate witnesses and for location of witnesses.[1] See ECF No. 70. Because plaintiff seeks an order compelling prison officials to take certain actions, the Court construes plaintiff's motion as a motion for injunctive relief.

/ / /

/ / /

/ / /

---

[1] The title of plaintiff's motion references a request for "the location of witnesses." However, plaintiff does not explain what he means by this. Presumably, plaintiff is seeking the incarceration location for the listed inmate-witnesses in his motion. To the extent this is the case, such information is publicly available through the inmate locator on the CDCR's website. See https://inmatelocator.cdcr.ca.gov/.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff seeks "an order by the court granting Henderson the authority to confidentially correspond with these inmates and that said order be continuing [] until the conclusion of this litigation . . ." ECF No. 70, pg. 1. Plaintiff is currently an inmate at the California Substance Abuse Treatment Facility in Corcoran, California. See ECF No. 22. To the extent that plaintiff's motion stems from a prohibition of confidential communication between inmates, the Court recognizes that prisoners do not have an absolute right to confidential communications. See Turner v. Safley, 482 U.S. 78, 93 (1987).  Moreover, this lawsuit stems from the alleged conduct of prison officials at Mule Creek State Prison.  As such, plaintiff seeks injunctive relief against parties over whom this Court lacks jurisdiction.  Finally, plaintiff has not demonstrated a likelihood of irreparable injury absent an order permitting unrestricted confidential communications with other inmates.

1       Based on the foregoing, the undersigned recommends that plaintiff's motion for
2  confidential communications with inmate witnesses (ECF No. 70) be denied.
3       These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5  after being served with these findings and recommendations, any party may file written objections
6  with the court.  Responses to objections shall be filed within 14 days after service of objections.
7  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.
8  Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  August 11, 2020

                                        _____
                                        DENNIS M. COTA
                                        UNITED STATES MAGISTRATE JUDGE