IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR.,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZZARAGA, et al.,<br><br>Defendants. | No. 2:18-CV-2181-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion, ECF No. 87, to compel discovery previously ordered by the Court and for sanctions. Defendants have not filed an opposition.

On August 4, 2020, the Court granted Plaintiff's motion to compel discovery in part, and directed Defendants to "produce documents responsive to plaintiff's RFP No. 10, as narrowed by this order, within 30 days. . . ." ECF No. 71. Regarding RFP No. 10, the Court stated:

> Plaintiff's request for production could potentially be construed as overly broad. Plaintiff seeks documents in defendants' personnel files throughout an undefined period of time. Plaintiff claims this request is relevant to his claims because ". . . it will show that the defendants set in motion a chain of events that they knew would cause serious harm to plaintiff . . ." ECF No. 47, pg. 21. Other courts have found that prior complaints of misconduct made against a defendant are

1

discoverable when sufficiently similar to the claims brought in the instant suit. Centeno v. City of Fresno, No. 1:16-cv-00653-DAD-SAB, 2016 U.S. Dist. LEXIS 180013, at *16-17 (E.D. Cal. Dec. 29, 2016) (citation omitted). Here, plaintiff requests documents outlining prior misconduct similar to his own claims against defendants during his incarceration at California State Prison – Sacramento. Contrary to defendants' contentions, nothing in the request, nor plaintiff's motion to compel, indicates that this request was constructed to acquire inadmissible character evidence, nor is the ultimate admissibility of evidence pertinent under Rule 26(b)(1).

Because this action does not proceed on any claims of excessive force, plaintiff's request for production shall be narrowed and defendants shall provide all documents in defendants' personnel files relating to complaints against defendants for either retaliation or failure to provide medical care throughout the time of plaintiff's incarceration at California State Prison – Sacramento.

ECF No. 71, pg. 12.

Attached to Plaintiff's motion is Defendants' supplemental response to RFP No. 10, served on or about October 2, 2020. See ECF No. 87, pgs. 6-8. Defendants state:

Without waiving the previously stated objections, and in compliance with the Court's order directing Defendants to provide all documents in Defendants' personnel files relating to complaints against Defendants for either retaliation or failure to provide medical care (ECF No. 71), Defendants provide the following supplemental response: Defendants refer Plaintiff to Exhibit A produced with this response.  This document has been redacted to exclude identifying information regarding the inmate and protect his privacy regarding the details of his medical condition.  The confidential supplement to the appeal has not been produced.  A privilege log regarding that document will be provided.

Id. at 7-8.

Exhibit A consists of redacted documents relating to staff complaint appeal no. MCSP-C-17-03580 against Defendant Lizzaraga.  See id. at 10-20.  Defendants have not produced responsive documents relating to any other named defendant, nor have Defendants indicated that such documents do not exist.  Without further elaboration, Plaintiff contends Defendants' supplemental response to "RFP #10 is incomplete, evasive, and manipulative."  ECF No. 87, pg. 3.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

///

2

permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

In this case, the Court finds that Defendants' supplemental response to RFP No. 10 is inadequate. While Defendants have produced responsive documents relating to Defendant Lizzaraga, consisting of documents in connection with a single complaint of misconduct, Defendants have not provided any response as to the remaining named defendants. In particular, Defendants have not produced any responsive documents as to other named defendants, or indicated that no such documents exist. Further, as to Defendant Lizzaraga, Defendants have not indicated that the documents produced at Exhibit A relating to a single complaint of misconduct

constitute the universe of responsive documents for that defendant.

Defendants will be directed to serve a further supplemental response to Plaintiff's RFP No. 10.  Defendants shall: (1) state whether the documents already produced as to Defendant Lizzaraga constitute all responsive documents as to that defendant; and (2) state whether there are responsive documents relating to the other named defendants and, if so, produce such documents. The scope of the production shall be defined by the Court's prior order in which the Court directed Defendants to produce documents responsive to RFP No. 10 "relating to complaints against defendants for either retaliation or failure to provide medical care throughout the time of plaintiff's incarceration at California State Prison – Sacramento."  ECF No. 71.  Defendants shall also show cause in writing why appropriate sanctions should not be imposed for failure to fully and in good faith comply with the Court's August 4, 2020, order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's unopposed motion to compel and for sanctions, ECF No. 87, is granted in part;

2. Within 30 days of the date of this order, Defendants shall serve on Plaintiff a further supplemental response to Plaintiff's RFP No. 10, consistent with the Court's August 4, 2020, order and above, and produce all responsive documents; and

3. Within 30 days of the date of this order, Defendants shall show cause in writing why sanctions should not be imposed for failure to comply with the Court's August 4, 2020, order.

Dated:  November 19, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4