**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No. 2:18-CV-2181-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZZARAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's fourth motion for the appointment of counsel, ECF No. 115.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff argues that he is entitled to appointment of counsel because it is not trained in the law, the issues in the case are complex, and he has a likelihood of success on the merits.  See ECF No. 115.  While the Court has found that there are triable issues of fact to proceed to trial, see ECF No. 108 (order adopting findings and recommendations and denying summary judgment in part), Plaintiff has not demonstrated that he is likely to succeed at trial.  Further, a review of the docket and Plaintiff's filings to date indicates that Plaintiff is able to articular himself clearly on his own.  Finally, contrary to Plaintiff's assertion, the Court does not find that the legal or factual issues in this case are particularly complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 115, is denied.

Dated:  August 25, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE