IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No. 2:18-CV-2181-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZZARAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) plaintiff's motion for a settlement conference (ECF No. 51); (2) plaintiff's motion for appointed counsel (ECF No. 54); (3) plaintiff's motion to strike defendant's motion for summary judgement (ECF No. 61); and (4) plaintiff's motion for an extension of time (ECF No. 65).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

**DISCUSSION**

1. **Motion to For Settlement Conference**

Plaintiff moves for the Court to order a settlement conference between the parties. See ECF No. 51.  In any action, the Court may utilize its discretion and order the attorneys and any unrepresented parties to appear for a settlement conference. See USCS Fed Rules Civ Proc R 16. However, in response to this motion, defendants state that:

> Defendants do not believe a settlement conference would be beneficial at this time. Defendants have recently filed a motion for summary judgment [ECF No. 56] and believe it would be best to see what claims, if any, remain following resolution of that motion.

ECF No. 63, pgs. 1-2.

Because it appears that defendants wish to delay settlement discussion until after their motion for summary judgement is resolved, the parties are not all currently amenable to settlement. Therefore, the Court shall not order a settlement conference at this time.

2. **Motion for Appointed Counsel**

Plaintiff moves for the Court to appoint counsel. See ECF No. 54.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not, at this time, find the required exceptional circumstances. Plaintiff claims that he is entitled to court-appoint counsel because of the "substantial complexity" of his case and the disparity in resources between himself and defendants. See ECF No. 54, pgs. 2-3. These circumstances are not exceptional but represent the norm for most prisoner litigants.  Also, a review of the file in this case reflects that plaintiff is able to articulate his claims, which, despite plaintiff's claims to the contrary, are neither factually nor legally complex. Finally, as to success on the merits, the Court notes that a motion for summary judgment is pending which plaintiff has not yet opposed.  Plaintiff is not entitled to court-appointed counsel at this time.

### 3. Motion to Strike Motion for Summary Judgment

Plaintiff moves for the Court to strike defendants' motion for summary judgement. See ECF No. 61.  According to plaintiff, defendants' motion was filed in bad faith because the Court's May 20, 2020, order directed defendants to respond to: (1) plaintiff's motion to compel discovery (ECF No. 47), (2) plaintiff's motion for sanctions (ECF No. 48), and (3) plaintiff's motion for settlement conference (ECF No. 51). However, the Court did not prohibit defendants from submitting a motion for summary judgment. The Court's May 20, 2020, order was issued "[i]n the interest of resolving all pending motions jointly" and defendants were ordered to submit responses within 30 days of the order. A review of the docket reflects that defendants did in fact submit responses to those orders. See ECF Nos. 62, 63, and 64. Additionally, on May 8, 2020, defendants submitted a motion to modify the scheduling order, allowing for additional time to file dispositive motions. See ECF No. 52. On June 10, 2020, defendants submitted their motion for summary judgement. See ECF No. 56. On June 25, 2020, the Court granted defendants' motion for extension of time *nunc pro tunc* and deemed the motion for summary judgement timely. See ECF No. 60. Therefore, there are no proper grounds on which to strike defendants' motion for summary judgement.

///

///

**4.     Motion for Extension of Time to File Opposition**

Lastly, pending before the Court is plaintiff's motion for an extension of time to file a response to the motion for summary judgment filed by defendants. See ECF No. 65.  Good cause appearing therefor, the request will be granted.  Plaintiff may file a response within 30 days of the date of this order.

## CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's motion for a settlement conference (ECF No. 51) is denied;

2.     Plaintiff's motion for appointment of counsel (ECF No. 54) is denied;

3.     Plaintiff's motion to strike (ECF No. 61) defendants' motion for summary judgment is denied; and

4.     Plaintiff's motion for an extension of time (ECF No. 65) to file an opposition to defendants' motion for summary judgement is granted and plaintiff shall file an opposition within 30 days of the date of this order.

Dated:  September 29, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4