IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No. 2:18-CV-02181-DAD-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZZARAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 139.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues counsel should be appointed because "the record shows that the likelihood of success on the merits is great" and because he has physical disabilities, which will make it "extremely difficult" to articulate his case at trial. ECF No. 139, pgs. 1-2.

While the Court has found that there are triable issues of fact to proceed to trial, Plaintiff has not demonstrated that he is likely to succeed at trial. See ECF No. 108 (order adopting findings and recommendations and denying summary judgment in part). Further, a review of the docket indicates that Plaintiff remains able to clearly articulate his claims on his own, which the Court has previously found to be neither factually nor legally complex. ECF No. 116, pg. 2. Plaintiff has been able to repeatedly request the assistance of counsel, file and respond to motions, as well as prepare and file objections to findings and recommendations of the Court, despite his stated limitations to mobility, visual impairment, or incontinence. See generally docket. Moreover, the Court finds that Plaintiff's current motion does not add anything extraordinary from his prior motions requesting counsel such that appointment of counsel is warranted at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 139, is denied.

Dated:  September 12, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE