UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No. 2:18-cv-02181-DAD-DMC (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| JOE LIZZARAGA, et al., | |
| Defendants. | (Doc. No. 145) |

Plaintiff Curtis Lee Henderson, Sr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 10, 2022, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations (Doc. No. 135) and denying plaintiff's motion for summary judgment (Doc. No. 131) as untimely because plaintiff "did not file his motion before the deadline set by the court in the scheduling order for the filing of dispositive motions in this case." (Doc. No. 143.) On November 21, 2022, plaintiff filed the pending motion for reconsideration of the court's November 10, 2022 order. (Doc. No. 145.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

1

evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order. Rather, in his motion, plaintiff merely reiterates his arguments on the merits of his untimely motion for summary judgment and again argues that the Federal Rule of Civil Procedure 56 provides for the filing of a motion for summary judgment at any time. (Doc. No. 145 at 1, 2.) However, plaintiff is mistaken in his reading of Rule 56. In particular, Rule 56(b) provides that "[u]nless a different time is set by local rule or *the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). As explained in the court's November 10, 2022 order, "plaintiff filed the pending motion on February 11, 2022, which is twenty months after the dispositive motion filing deadline of June 10, 2020 set by the scheduling order in this case." (Doc. No. 143 at 1.) Accordingly, plaintiff has not articulated any basis for the court to reconsider its November 10, 2022 order.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 145) is denied; and
2. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 21, 2022**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

2