IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No. 2:18-CV-2181-DAD-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| K. ANCHETA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for injunctive relief, ECF Nos. 152 and 156.

In his motion at ECF No. 152, Plaintiff asks the Court to issue an order directing the warden of the Substance Abuse Treatment Facility (SATF) to forward his property to the Fresno County Jail, where Plaintiff was recently transferred. See ECF No. 152. According to Plaintiff, the warden at SATF is Bryan Phillips, who is not a party to this action. See id. In his motion at ECF No. 156, Plaintiff asks the Court to issue an order directing the Fresno County Sheriff, John Zanoni, to grant him access to the law library at the Fresno County Jail. See ECF No. 156. As with Warden Phillips, Sheriff Zanoni is not a party to this action.

///

///

1

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In this case, the Court finds that injunctive relief is not appropriate.  First, neither Warden Phillips nor Sheriff Zanoni are parties to this action and the Court is unable to issue an injunction against individuals who are not parties.  Second, Plaintiff has not demonstrated the possibility of irreparable injury should the Court not issue the orders Plaintiff seeks.  Finally, Plaintiff has not demonstrated in either motion that he has a likelihood of success on the merits of the claims raised in this action.

///
///
///
///
///

Based on the foregoing, the undersigned recommends that Plaintiff's motions for injunctive relief, ECF Nos. 152 and 156, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 6, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE