**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | No.  2:18-CV-2181-DAD-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE LIZZARAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983.  The parties filed a stipulation for voluntary dismissal on April 2, 2025, and this matter is closed.  Pending before the Court is Plaintiff's renewed motion, ECF No. 199, for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  Defendants have filed an opposition.  See ECF No. 201.  The matter has been referred to the undersigned by the District Judge for issuance of findings and recommendations, ECF No. 200 (minute order).

Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P.

1

60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In the present motion, Plaintiff challenges the Court's March 5, 2021, findings and recommendations granting Defendants' motion for summary judgment in part, and the Court's July 22, 2022, findings and recommendations denying Plaintiff's motion for summary judgment as untimely. See ECF No. 199. Plaintiff's motion should be denied because, as Defendants note, this case was resolved by way of a stipulated voluntary dismissal filed after the parties reached a settlement agreement. A stipulation for voluntary dismissal is self-executing and immediately strips the district court of jurisdiction over the merits of the case. See Casida v. Sears Holding Corp., 2013 WL 1314051, at *1 (E.D. Cal. 2013). While the court generally retains jurisdiction to enforce the terms of the settlement, Plaintiff does not challenge the settlement agreement or seek to set it aside or return settlement proceeds which have already been paid.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for relief from judgment, ECF No. 199, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 30, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2